DEPUTY STATE EXAMINER — CONFLICT OF INTEREST — PREPARATION OF FINANCIAL STATEMENTS A county may legally pay the claim of a Deputy State Examiner who while acting in his private capacity and not as a Deputy State Examiner prepared a financial statement and budget for the county where the Deputy Examiner is a resident of the county where the claim is filed, but does not audit the books of the county, but uses the information obtained from the audit to prepare the financial statement and budget. The Attorney General has considered your request for an official opinion wherein you, in effect, state: May a county legally pay to a Deputy State Examiner working in his private capacity and not as a Deputy State Examiner his claim against the county for preparation of financial statements and budget where the Deputy Examiner is a resident of the county where the claim is filed, but the Deputy Examiner does not audit the books of the county. Title 74 O.S. 212 [74-212] (1961), provides in part: "That no deputy shall examine the books or records of the county of his residence." The word "audit" means to hear, examine, and determine a claim, by its allowance or its disallowance or rejection in toto or in part; the word implies the exercise of judicial discretion, and, while sometimes restricted to mere mathematical process, it generally extends to include the investigation, weighing of evidence, and the deciding whether items should or should not be included. State Highway Commission v. Green Boots Construction Company, Okl., 187 P.2d 209, 213. We note that the State Examiner and Inspector's office has broad powers "to prescribe the system of bookkeeping for all county offices", as provided in 74 O.S. 214 [74-214] (1961). The preparation of the financial statement and budget relate to the audit only in the sense that the information gained from the audit is used in the preparation of the financial statement and the budget. It is therefore the opinion of the Attorney General that a county may legally pay the claim of a Deputy State Examiner who while acting in his private capacity and not as a Deputy State Examiner prepared a financial statement and budget for the county where the Deputy Examiner is a resident of the county where the claim is filed, but does not audit the books of the county, but uses the information obtained from the audit to prepare the financial statement and budget. (W. Howard O'Bryan Jr.) (Ed. Note: conflict of interest, State Employee) ** SEE: OPINION NO. 72-163 (1972) **